IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALAN R. MURPHY,<br>　　　PLAINTIFF,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　　DEFENDANT, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL CASE NO. 3:18-CV-2809-E-BK |
| UNITED STATES OF AMERICA,<br>　　　COUNTER-PLAINTIFF,<br><br>v.<br><br>PAUL DIFRANCESCO AND ROBERT<br>DILLARD, EXECUTOR OF THE ESTATE<br>OF STANLEY T. WEINER,<br>　　　COUNTER-DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the District Judge's order referring the case for pretrial management, Doc. 12, before the Court is Counter-Defendant *Robert Dillard's Rule 12(b)(6) Motion to Dismiss Complaint*, Doc. 27.

In October 2018, Plaintiff Alan R. Murphy ("Murphy") filed a Complaint against the United States government (the "Government") seeking a refund of the 26 U.S.C. § 6672 trust fund liability assessed against him.  Doc. 1.  In May 2019, the Government filed an *Amended Answer and Counterclaim* against Murphy and joined as counterclaim defendants Robert Dillard

("Dillard") and Paul DiFrancesco ("DiFrancesco").  Doc. 15.  The Government alleges that (1) the tax liability in question is for the employer-paid portion of the unpaid payroll taxes of a company, STW Pipeline Maintenance & Construction, LLC ("STW"); (2) it named Dillard and DiFrancesco as counterclaim defendants because the suit concerns related or overlapping liabilities of Murphy, DiFrancesco, and Stanley T. Weiner ("Weiner") connected with STW's unpaid payroll taxes; (3) Weiner died on November 26, 2017, and his will named Dillard as his personal representative; and (4) Dillard was named as a defendant in this suit only in his capacity as the personal representative of the estate of Weiner (the "Estate").  Doc. 15 at 5-10.

Dillard then filed the instant *Motion to Dismiss Complaint*, arguing that the claim against him should be dismissed because he has not submitted Weiner's will to probate and has declined to serve as the executor of the Estate.  Doc. 27 at 2-3.  The Government does not oppose this relief, but requested that the Estate remain a party to the action until a personal representative was appointed.  Doc. 33 at 2.  To that end, the Government simultaneously moved to appoint a personal representative for the Estate.  Doc. 34.  That motion was granted.  Doc. 38.

On November 13, 2019, counsel for Stanley C. Weiner filed a notice with the Court advising of his acceptance to serve as personal representative of the Estate.  Doc. 43.  The Government then filed a *Notice of Appointment of Stanley C. Weiner as the Personal Representative of the Estate of Stanley T. Weiner*, which was granted this day.  Doc. 44.

Because Dillard is not the personal representative of the Estate of Stanley T. Weiner and was sued only in that capacity, his *Motion to Dismiss Complaint*, Doc. 27, should be **GRANTED**.

**SO RECOMMENDED** on February 5, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).