IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALAN R. MURPHY, | § | |
|     PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:18-CV-2809-E-BK |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     DEFENDANT, | § | |

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     COUNTER-PLAINTIFF, | § | |
| | § | |
| v. | § | |
| | § | |
| ALAN R. MURPHY, PAUL CHARLES | § | |
| DIFRANCESCO, AND STANLEY | § | |
| C. WEINER, | § | |
|     COUNTER-DEFENDANTS. | § | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the District Judge's order referring the case for pretrial management, Doc. 12, before the Court are the parties' *Joint Motion for Entry of Partial Consent Judgment and Dismissal of Certain Claims as to Alan Murphy*, Doc. 84, *Joint Motion for Entry of Consent Judgment as to Paul DiFrancesco*, Doc. 85, and the Government's *Unopposed Motion to Lift Stay and Reopen Case*, Doc. 87. Upon consideration, the motions should be **GRANTED**.

In October 2018, Plaintiff Alan R. Murphy ("Murphy") filed a Complaint against the Government seeking a refund of the 26 U.S.C. § 6672 trust fund tax liability assessed against

him. Doc. 1. In November 2019, the Government filed its *Second Amended Answer and Counterclaim* against Murphy and joined as counterclaim defendants Paul DiFrancesco ("DiFrancesco") and Stanley C. Weiner, as personal representative of the Estate of Stanley T. Weiner ("Weiner"). Doc. 45. The Government alleges that (1) the tax liability in question is for the employer-paid portion of the unpaid payroll taxes of STW Pipeline Maintenance & Construction, LLC ("STW"); and (2) it named DiFrancesco and Weiner as counterclaim defendants because they are jointly and severally liable with Murphy for the same unpaid taxes as they were all officers of STW. Doc. 45 at 5-10.

In October 2021, the parties jointly moved to stay the case pending resolution of DiFrancesco's and Murphy's settlement offers. Doc. 81. The Court granted the stay and ordered the parties to file the appropriate dispositive pleadings on or before March 1, 2022. Doc. 83. In December 2021 and February 2022, the Government filed the motions now before the Court. Doc. 84; Doc. 85. The Government indicates in its joint motions that a full settlement has been reached as to DiFrancesco and a partial settlement as to the claims against Murphy.

Pursuant to 26 U.S.C. §§ 7401 and 7402, the Government requests that the Court enter a consent judgment against DiFrancesco for the periods ending March 31, 2015, September 30, 2015, and December 31, 2015, totaling $731,273.57 as of October 29, 2021, plus interest thereon. Doc. 85 at 1, 3. Similarly, the Government requests that the Court enter a consent judgment against Murphy for the period ending December 31, 2015 and dismiss with prejudice the claims against him for the periods ending March 31, 2015 and September 30, 2015. Doc. 84 at 1, 3. Murphy and the Government agree to a judgment in the amount of $317,222.80 as of September 2, 2021, plus interest thereon. Doc. 84 at 2. Finally, the Government requests that the Court enter judgment as to DiFrancesco and Murphy, pursuant to Rule 54(b) of the Federal

Rules of Civil Procedure, because there is no pending offer or anticipated settlement between Weiner and the Government. Doc. 84 at 3; Doc. 85 at 3; *see Poincon v. Offshore Marine Contractors, Inc.*, 9 F.4th 289, 295-96 (5th Cir. 2021) (providing that under Rule 54(b), district courts "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.").

Upon consideration of the law, the pertinent pleadings, and the briefs, the *Joint Motion for Entry of Partial Consent Judgment and Dismissal of Certain Claims as to Alan Murphy*, Doc. 84, the *Joint Motion for Entry of Consent Judgment as to Paul DiFrancesco*, Doc. 85, and the Government's *Unopposed Motion to Lift Stay and Reopen Case*, Doc. 87, should be **GRANTED**, and the Court should enter the Government's proposed orders in the form attached to its motions. *See* Doc. 84-1; Doc. 85-1. A revised scheduling order will issue separately.

**SO RECOMMENDED** on April 27, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).