IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALAN R. MURPHY, | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
| Defendant, | ) Case No. 3:18-CV-2809-E-BK |
| UNITED STATES OF AMERICA, | ) |
| Counter-Plaintiff, | ) |
| v. | ) |
| PAUL DIFRANCESCO, and STANLEY C. WEINER, PERSONAL REPRESENTATIVE OF THE ESTATE OF STANLEY T. WEINER, | ) |
| Counter-Defendants. | ) |

**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO WITHDRAW**

COMES NOW, Jason B. Freeman of Freeman Law, PLLC ("Movant"), as undersigned counsel of record for Counter-Defendant, Stanley C. Weiner, who was appointed by Court Order dated February 5, 2020 [Doc. No. 49] to serve as "personal representative of the estate of Stanley T. Weiner for the limited purpose of defending against the United States' claims in this lawsuit," and pursuant to the Court's Electronic Order dated October 19, 2023 [Doc. No. 108], files this Supplemental Brief in Support of Motion to Withdraw.

**I.   Summary**

The Court should approve Movant's Motion to Withdraw, as it is supported by good cause and will not unduly delay or disrupt this lawsuit. Counter-Defendant has ceased to cooperate or

meaningfully communicate with Movant. Counter-Defendant has failed to follow Movant's advice, raising the concern of a potential violation of the Court's discovery order. And Counter-Defendant has been in arrears to Movant's firm since 2022, placing a heavy financial burden on Movant to continue in this matter.

The requested withdrawal will not unduly delay or disrupt this lawsuit. This suit has, in fact, already resulted in a judgment and, at this stage, only involves post-judgment discovery. That post-judgment discovery can be addressed by Mr. Weiner in his capacity as the personal representative of the estate generally—it is not necessary that any such discovery be issued to him in his capacity as a party to the suit. That is, Movant is not necessary to facilitate that post-judgment discovery. Mr. Weiner is represented by counsel in the estate's probate and could simply respond in his capacity as personal representative, generally.

Finally, the authority cited in the Court's October 19, 2023 Order [Doc. No. 108] is not applicable. Movant does not propose that Counter-Defendant serve as the estate's legal counsel. While it is true that the estate and representative would not have counsel of record following a withdrawal, given that no substitute counsel has been identified at this time, such would be the case for the withdrawal of counsel for any legally-created entity. This Court has, in other matters, authorized counsel for an entity to withdraw, placing the burden of obtaining new counsel on the entity.

## II.     Stanley C. Weiner's Status Under This Court's February 5, 2020 Order

The Court's February 5, 2020 Order [Doc. No. 49] appointed Stanley C. Weiner as the personal representative "for the limited purpose of defending against the United States' claims in this lawsuit." His appointment with respect to this case was expressly limited and has already been fulfilled. It did not extend to post-judgment discovery. Rather, it was limited to defending against

the claims in this lawsuit. As such, it is unclear whether Stanley C. Weiner is still serving as personal representative of the estate in this case pursuant to the Court's February 5, 2020 Order. If he is not, Movant may have effectively been dismissed (withdrawn) by operation of law when Stanley C. Weiner ceased serving in the limited capacity set out in the Court's February 5, 2020 Order.

Movant apprises the Court, however, that at the time of the Court's February 5, 2020 Order, no probate proceedings were pending (in state court or otherwise) with respect the estate of Stanley T. Weiner. As such, there was clearly no personal representative of the estate at that time to defend the estate, absent some order appointing a representative. That absence of a probate-appointed, general personal representative necessitated the Court's February 5, 2020 Order [Doc. No. 49]. Following the February 5, 2020 Order, however, Stanley C. Weiner initiated probate proceedings for the estate of Stanley T. Weiner in Travis County.[1] He was sworn in as independent administrator of the estate pursuant to those proceedings on May 25, 2022.[2] Movant assumes that Mr. Weiner's appointment by the probate court provides sufficient authority for his continued role in this matter, despite the limited scope of his appointment under this Court's February 5, 2020 Order. Notably, Counter-Defendant appears to be represented by separate counsel with respect to the probate matter in Travis County.[3]

Counsel notes that, when representing a personal representative, counsel represents that representative personally, rather than the estate.[4] As such, technically Movant is not counsel to the estate, but has served as counsel to Stanley C. Weiner.

---

[1] Ex. A: Notarized Document Evidencing Stanley C. Weiner's Appointment as Independent Administrator of the Estate of Stanley T. Weiner.
[2] *Id.*
[3] Ex. B: Inventory, Appraisement, and List of Claims Filed in Probate Matter.
[4] *See, e.g.*, ABA Formal Ethics Opinion 94-380; *see also Huie v. DeShazo*, 922 S.W.2d 920, 926 (Tex. 1996)

### III. An Attorney is Permitted to Withdraw from a Client Representation in Certain Circumstances Involving Good Cause.

An attorney may withdraw from a client representation in certain circumstances. Texas law states that "[a]n attorney may withdraw from representation only upon leave of court and a showing of good cause and reasonable notice to the client."[5] "Whether good cause exists for an attorney is a question of federal law," and such question "is answered primarily by referring to the standards for withdrawal articulated in the national ethics canons and in the ethics rules adopted by the court."[6] Further, "[the United States District Court for the Northern District of Texas] has adopted the Texas Disciplinary Rules of Professional Conduct."[7]

The right to withdraw is, however, tempered where certain factors exist. In this regard, this Court has stated:

> Even where good cause for withdrawal exists, it is "incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel." This requires the court to consider certain additional factors before allowing an attorney to withdraw. Those additional factors include: (1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take—and the financial burden it would impose on—the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice.[8]

#### a. Good Cause Exists as Counter-Defendant Refuses to Communicate with Movant and Has Repeatedly Declined to Follow Movant's Advice.

---

[5] *See, e.g., Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989); *see also* Tex. R. Civ. Proc. 10.
[6] *White v. BAC Home Loans Servicing, LP*, 2010 WL 2473833, at *2 (N.D. Tex. 2010) (citing *In re American Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992)).
[7] *Id*. at *2.
[8] *Id*. at *3 (citing *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981), *Johnson v. Cal. Dep't. of Corr. and Rehab*., 2009 WL 2447705, at *1).

Texas Disciplinary Rule of Professional Conduct 1.15(b)(4) states, in relevant part, that a lawyer may withdraw from representing a client where "a client insists upon pursuing an objective…with which the lawyer has fundamental disagreement."[9]

Movant's Motion to Withdraw is founded, in part, on concerns of potential violations of the Court's discovery orders.  This Court has ordered Counter-Defendant to respond to discovery requests, most recently via electronic order dated October 19, 2023.  Movant has informed Counter-Defendant on multiple occasions of the requirement, and potential consequences of failing, to comply with outstanding discovery requests and the Court's October 19, 2023 Order [Doc. No. 107].  However, Counter-Defendant has not acted upon Movant's advice with respect to pending discovery matters, leading to substantial increased complexity and cost to Movant.  Counter-Defendant has informed Movant that Movant does not represent him any longer and Movant is not authorized to take actions with respect to the outstanding discovery matters.  Otherwise, Counter-Defendant has failed and refused to communicate with Movant, rendering further representation impossible.  In this regard, professional considerations require termination of Movant's representation of Counter-Defendant.

      **b.**      **Good Cause Exists as Counter-Defendant Has Continually Failed to Pay Movant's Legal Fees.**

Additionally, Texas Disciplinary Rule of Professional Conduct 1.15(b)(5) states that withdrawal is appropriate where "the client fails to substantially fulfill an obligation to the lawyer regarding the lawyer's service, including an obligation to pay the lawyer's fee as agreed, and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled."[10] Comment 7 to this rule also provides that "[w]ithdrawal permitted by paragraph (b)(2) through (7)

---

[9] Tex. Disc. R. Prof. Conduct 1.15(b)(4).
[10] Tex. Disc. R. Prof. Conduct 1.15(b)(5).

is at the lawyer's discretion even though the withdrawal may have a material adverse effect upon the interests of the client."[11]

Federal law also supports an attorney's right to withdraw for nonpayment of legal fees. In *Capstone Associated Services, Ltd. v. United States*, the Court examined an attorney's motion to withdraw, which cited outstanding legal fees of $83,416.98.[12] The Court stated:

> Although the Federal Circuit has not addressed this issue, several other circuit courts of appeals have held that a litigant's failure to fulfill an obligation to its lawyer, including to pay attorney fees, is sufficient grounds for withdrawal of representation.[13]
>
> …
>
> Withdrawal can be appropriate even if it is "material[ly] adverse" to the interests of the client.[14]

Accordingly, the Court held that the failure to pay legal fees provided sufficient grounds for the attorney's motion to withdraw as counsel.

In this case, Movant's Motion to Withdraw is similarly appropriate and should be granted. As of the date of this Supplemental Brief, Counter-Defendant has outstanding legal fees with Movant totaling $26,508.61, as well as additional unbilled time in excess of $3,000.00. The nonpayment of Movant's legal fees by Counter-Defendant dates to early 2022. Since that time, Movant has provided notice to Counter-Defendant on multiple occasions regarding these outstanding fees and the potential for its withdrawal as counsel, but to no avail. Movant has made every attempt to work with Counter-Defendant regarding these fees to fulfill its duty to provide adequate legal representation. These efforts included offers to discount Counter-Defendant's

---

[11] *See id.* at Comment 7.
[12] *Capstone Assoc. Servs, Ltd. v. United States*, 23 WL 5624712 (Aug. 31, 2023).
[13] *Id.* at *3, citing *Fid. Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 541 (7th Cir. 2002), *Brandon v. Blech,* 560 F.3d 536, 539 (6th Cir. 2009), and *Lieberman v. Polytop Corp.,* 2 F. App'x 37, 39 (1st Cir. 2001).
[14] *Id.*

outstanding legal fees in exchange for payment of the remaining portion. These efforts proved unsuccessful. Accordingly, Movant's Motion to Withdraw should be granted, and Movant should be entitled to withdraw from this matter as counsel.

### c. Movant's Withdrawal Will Not Unduly Delay or Disrupt This Case.

Additionally, Movant's withdrawal will not unduly delay or disrupt this case. Courts have applied the following factors in determining whether a withdrawal, even one supported by good cause, should not be allowed because it will disrupt the prosecution of the lawsuit:

> (1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take—and the financial burden it would impose on—the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice.[15]

First, the Court should look to the extent to which the attorney's withdrawal will delay or disrupt the case. This case was originally filed in 2018. It has, in fact, been concluded and resulted in a settlement and judgment. All that remains is post-judgment discovery. In that regard, such discovery can be issued to Counter-Defendant in his capacity as the personal representative of the estate generally, and Counter-Defendant can respond in such capacity. Movant's withdrawal will thus not unduly delay or disrupt the case.

Second, the Court should look at the length of time for which the case and any dispositive motions have been pending. The case has been pending for some five years. As stated, it has already concluded and resulted in a judgment. But the motion at issue has not been pending for a lengthy period—particularly as compared to the life of the case.

---

[15] *White,* 2010 WL 2473833. at *3 (citing *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981), *Johnson v. Cal. Dep't. of Corr. and Rehab*., 2009 WL 2447705, at *1).

Third, the Court may next consider the time it would take (and financial burden it would impose) on the client to find new counsel. Counter-Defendant already has other counsel in a pending probate matter in Travis County. There is no obvious reason that it would take an unduly long time (or impose an undue financial burden) on Counter-Defendant to find new counsel.

Fourth, the Court must look to the financial burden the attorney would suffer if not allowed to withdraw. In this case, the financial burden on Movant would be heavy. Counter-Defendant has had outstanding and unpaid fees since 2022. And given that Counter-Defendant has refused to abide by Movant's advice on the pending matters, to provide information or documentation to Movant with respect to those matters, or to provide Movant with the authority to even address those matters, the financial burden is even more substantial and unjustified.

Fifth, the Court must consider the prejudice to the other parties. Here, there is no prejudice to the other parties. The case has already resulted in a judgment, and all that remains is post-judgment discovery. If Counter-Defendant will not cooperate with Movant or provide responsive information or documents, Movant cannot undertake an effective representation. Because any continued representation would be unlikely, at this point, to move pending matters forward, there could be no prejudice to the other parties from a withdrawal.

Finally, the Court may look to whether the withdrawal will harm the administration of justice. This prong is admittedly ambiguous. While it may serve some concept of the administration of justice to ensure that counsel remains in that capacity—for example, by ensuring that Counter-Defendant has an advisor and that the Court and parties have an attorney to communicate with—that will effectively always be the case. But that "pro" is undermined by the lack of cooperation by Counter-Defendant, impeding Movant's ability to fulfill his role.

### IV.     **The Authority Cited in the Court's Electronic Order Does Not Apply to This Case.**

The cited authority that does not apply to this case. The October 19, 2023 Order [Doc. No. 108] included three citations to authority purporting to support the notion that Movant should not be permitted to withdraw as counsel. The authority cited does not support the denial of Movant's Motion to Withdraw.

    **a.**    ***Rodgers v. Lancaster Police & Fire Dep't.***

In *Rodgers v. Lancaster Police & Fire Dep't*, the plaintiff was the father of a gunshot victim who sued the shooter and the Lancaster Police Department under Texas' wrongful death and survival statutes.[16] Among other things, the *Rodgers* Court considered "whether a *pro se* litigant may ever represent an estate in a survival action."[17] Reviewing decisions from other circuit courts that analyzed a person's capacity to represent an estate in survival actions, the *Rodgers* Court ultimately held that "[a] person with capacity under state law to represent an estate in a survival action may proceed *pro se* if that person is the only beneficiary and the estate has no creditors."[18]

But Movant is not recommending that Counter-Defendant should or would serve as the attorney to the estate in this matter. Thus, Movant does not believe that *Rodgers* is applicable here and concedes that Counter-Defendant would not have the capacity to represent the estate as legal counsel. Counsel also acknowledges that the court is correct that "[p]ermitting counsel to withdraw at this time would thus leave the Estate without counsel." Nonetheless, Movant submits that the standard for good cause is satisfied here.

Additionally, this Court has previously permitted the withdrawal of counsel in matters where the party would be left without representation. In *Pharma Funding LLC v. Verde Pharmacy*

---

[16] *Rodgers v. Lancaster Police Dep't.*, 819 F.3d 205 (5th Cir. 2016).
[17] *Id.* at 210 (emphasis added).
[18] *Id.* at 211.

9

*& Medical Supply LLC*, this Court granted a motion to withdraw submitted by Verde's counsel.[19] Although the Court acknowledged that the defendant "[was] not permitted to proceed pro se or through a non-attorney but rather must be represented by an attorney in litigation in federal court," the Court placed this burden on the defendant, not its former counsel.[20] The Court did not deny counsel's motion to withdraw, but instead placed the burden on the defendant to find new counsel to avoid a default judgment.[21]

The Court should apply the same logic here. The mere fact that an estate—like any other legally-created entity—can only act through an agent should not, itself, serve as a justification to deny a Motion to Withdraw.

    **b.**    **Texas Government Code § 81.053(a)**

Additionally, Texas Gov't. Code § 81.053(a) does not apply to Movant's Motion to Withdraw, as Counter-Defendant is not a member of the Texas Bar. Texas Gov't. Code § 81.053(a) states:

> (a) An inactive member may not practice law in this state, except as provided by rule promulgated by the supreme court for volunteer practice, and may not hold an office in the state bar or vote in any election conducted by the state bar.
>
> (b) An emeritus member has all the privileges of membership in the state bar.
>
> (c) An associate member may not practice law, except as provided by rule promulgated by the supreme court, and may not hold office in the state bar or vote in any election conducted by the state bar.[22]

This provision refers to the status of certain classes of membership with the Texas State Bar: inactive members, emeritus members, and associate members. However, Counter-Defendant

---

[19] *Pharma Funding LLC v. Verde Pharmacy & Medical Supply LLC*, 2022 WL 895056 (N.D. Tex. 2022).
[20] *Id.* at *2.
[21] *Id.*
[22] Tex. Gov't. Code § 81.053(a).

10

is not, and has never been, a member of the Texas Bar. Accordingly, § 81.053 has no applicability to Counter-Defendant and does not have any bearing on Movant's Motion to Withdraw.

    **c.**    **Local Rule 83.8(a)**

Local Rule 83.8(a) of the Northern District of Texas states:

> A member of the bar of this court is subject to suspension or disbarment by the court under the following circumstances:
>
> (1) if for any reason other than nonpayment of dues, failure to meet continuing legal education requirements, or voluntary resignation unrelated to a disciplinary proceeding or problem, an attorney loses, either temporarily or permanently, the right to practice law before:
>
>     (A) the courts of the State of Texas;
>
>     (B) the highest court of any other state or the District of Columbia; or
>
>     (C) (Effective September 1, 2023) any federal court; or
>
> (2) if an attorney fails to maintain the right to practice law before the highest court of at least one state or the District of Columbia, unless the member's failure to maintain such right results from nonpayment of dues or failure to meet continuing legal education requirements.[23]

This rule does not have any apparent connection to Movant's Motion to Withdraw. Instead, this rule lays out a set of circumstances under which a member of the bar may be disciplined.

For the foregoing reasons, Movant respectfully requests that its Motion to Withdraw as Counsel for Counter-Defendant be GRANTED.

                                                Respectfully submitted,

                                    By: _____
                                            Jason B. Freeman
                                            TX Bar # 24069736
                                            Freeman Law, PLLC

---

[23] N.D. Tex. L. Rule 83.8(a).

        7011 Main Street  
        Frisco, Texas 75034  
        Telephone:    214.984.3410  
        Fax:           214.984.3409  
        jason@freemanlaw.com

**CERTIFICATE OF SERVICE**

       I certify that on November 3, 2023, I electronically filed the foregoing Supplemental Brief in Support of Motion to Withdraw using the ECF system, which will cause the clerk to serve a copy of the document.

By: _____
Jason B. Freeman
TX Bar # 24069736
Freeman Law, PLLC
7011 Main Street
Frisco, Texas 75034
Telephone:   214.984.3410
Fax:             214.984.3409
jason@freemanlaw.com

13